IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| MARION GOVAN, #221 463 | * | |
| Plaintiff, | * | |
| v. | * | 2:08-CV-145-WHA |
| | | (WO) |
| THE UNITED STATES, *et al.*, | * | |
| Defendants. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Ventress Correctional Facility located in Clayton, Alabama, files this *pro se* 42 U.S.C. § 1983 action against the United States, President George W. Bush, the State of Alabama, and the Department of Corrections. In filing this lawsuit, Plaintiff seeks as relief his release from incarceration, the conviction of defendants, and $25 trillion in damages. (*Doc. No. 1 and attachments*.) The court has carefully reviewed the allegations contained in the instant complaint. From that review the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).

**I. DISCUSSION**

Ground one of Plaintiff's complaint alleges "criminal conspiracy, indecently exposure of lifely body to illegal use of noxious, detrimental elemental substance of witchcraft to solicitate to commit crime." In his second ground for relief, Plaintiff complains of "custodial

sexual misconduct." Finally, Plaintiff complains that defendants have "solicitate controll substance against the petitioner forcibly to cause to commit crime which affect has started to cause internal bleedage of another being physically injured from gunshot wound(s), broken bone(s), sexual injuries, *etc.*" (*Doc. No. 1 at 2-3*.)

When a prisoner is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. § 1983, the court is required to conduct an initial evaluation of the complaint in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

This court shall dismiss an *in forma pauperis* complaint "if the court determines that . . . the action . . . is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i); *see also Neitzke v. Williams*, 490 U.S. 319, 324 (1989). A claim is frivolous if it lacks an arguable basis in law or fact. *Id.*; *see also Denton v. Hernandez*, 504 U.S. 25 (1992). The provisions of §1915(e)(2)(B)(i) give a federal district court "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke,* 490 U.S. at 327. Examples of such claims are those that describe "fantastic or delusional scenarios." *Id*. at 328.

After carefully reviewing Plaintiff's allegations as described above, the court

concludes that the facts he alleges present a fantastic and delusional scenario in which the named defendants have practiced witchcraft against him, engaged in conduct designed to make him commit a criminal offense, used their bodies and "objectiles of sexual material" which have cause him "bodily pain of sexual intrusion, gunshot wounds," "involuntarily used [him] in the war against Iraq," and confiscated his lottery winnings. (*Doc. No. 1 at 2-9*.) The allegations made by Plaintiff do not present any logical set of facts to support any claim for relief. Rather, the claims presented by Plaintiff are the types of claims which should be subject to dismissal because they rise to the level of the irrational and reflect the thoughts of a paranoid and/or delusional individual. Plaintiff's prayer for relief is likewise fanciful. He seeks $25 trillion in damages and his immediate release from custody based upon his fanciful and delusional allegations. In light of the foregoing, the court concludes that Plaintiff's complaint is due to be dismissed in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i). *Denton v Hernandez*, 504 U.S. 25 (1992); *Neitzke*, 490 U.S. 319.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint be DISMISSED with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **May 27, 2008**. Any objections filed must specifically identify

the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 14th day of May 2008.

      /s/Terry F. Moorer
      TERRY F. MOORER
      UNITED STATES MAGISTRATE JUDGE